_____

No. 95-3162

_____

United States of America,           *
                                     *
        Plaintiff-Appellee,          *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Southern District of Iowa.
Jesus Mendoza-Alvarez,               *
                                     *
        Defendant-Appellant.         *

_____

             Submitted:  February 13, 1996

                Filed:  March 14, 1996
_____

Before McMILLIAN, LAY and HANSEN, Circuit Judges.

_____

LAY, Circuit Judge.


     Jesus Mendoza-Alvarez entered a guilty plea to illegal reentry after
deportation in violation of 8 U.S.C. § 1326(a) and being an illegal alien
in possession of a firearm in violation of 18 U.S.C. § 922(g)(5).  Mendoza-
Alvarez received two concurrent twenty-four-month terms of imprisonment.
On appeal, Mendoza-Alvarez asserts the government violated its plea
agreement and that the district court erred in applying the Sentencing
Guidelines.  We reverse and remand for resentencing.


### U.S.S.G. § 2L1.2(b)(1)


     Mendoza-Alvarez was sentenced to twenty-four months upon a plea of
guilty for illegal reentry after deportation.  He does not dispute that he
was deported from the United States prior to 1987.  The base level for this
offense was eight; however, the district court increased the offense level
by four levels under

§ 2L1.2(b)(1), which requires an increase "[i]f the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws." The predicate felony on which the government relied in seeking this enhancement was the defendant's 1987 conviction for possession of concentrated cannabis in California. However, the defendant urges that he was not convicted of a felony but only for a misdemeanor.[1] We need not resolve this dispute because we find no evidence that the defendant was ever deported following his 1987 conviction.

In finding that the defendant had been deported following his conviction, the district court relied on a generalized statement of the California court that it released the defendant to the INS for "deportation processing." The government conceded it offered no proof that the defendant was ever deported. In fact, the record showed that (1) the California court placed Mendoza-Alvarez on probation to the court pending "verification that the defendant has been deported," and (2) the INS, on April 19, 1988, "released" the defendant because of its heavy caseload, stating that the defendant wanted to travel to Iowa to see his attorney since he was "claiming 13 years residence with only a brief period outside of the U.S."

The government points to evidence that the defendant voluntarily returned to Mexico because he personally appeared at

---

[1]At the sentencing hearing, the defendant objected to the enhancement on the ground that the prior conviction the government relied upon was deemed to be a misdemeanor under state law. The government urged and the district court agreed that the law of the state should not control in defining a felony, and that the Sentencing Guidelines define any offense to be a felony if the offense was punishable by a term of imprisonment in excess of one year, regardless of the actual sentence imposed. See U.S.S.G. § 4A1.2(o) (defining felony for purposes of calculating criminal history). The defendant relied on United States v. Brown, 33 F.3d 1014, 1018 (8th Cir. 1994), which looked to California law to determine whether a crime was a felony for purposes of applying a twenty-year mandatory minimum for previously convicted drug felonies under 21 U.S.C. § 841.

the American Consular office in Chihuahua, Mexico, on April 29, 1991, to be interviewed for an immigration visa. The government told the district court it did not offer proof of deportation because it did not consider it to be at issue. The government conceded that it did not know of any deportation order. On this basis we find the evidence totally deficient as to proof of deportation. The fact that the defendant may have voluntarily returned to Mexico after his California conviction is not proof of deportation. We therefore conclude that the district court erred in applying a four-level enhancement under § 2L1.2(b)(1).

## U.S.S.G. § 2K2.1(b)(2)

Mendoza-Alvarez also challenges the district court's failure to grant him an eight-level reduction under U.S.S.G. § 2K2.1(b)(2) for his conviction for possession of a firearm by an illegal alien. Section 2K2.1(b)(2) of the Guidelines provides for a reduction "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." This reduction was denied because Mendoza-Alvarez was apprehended driving his car with a loaded rifle in violation of Iowa Code Ann. § 483A.36 (West Supp. 1995).

Mendoza-Alvarez claims he possessed the rifle solely for sporting purposes, had been hunting the morning police stopped his automobile, and was in a hurry to get to work. He also presented his Iowa hunting license and affidavits from Iowa residents confirming that he used the rifle for hunting rabbits. In an oral plea agreement, the government promised Mendoza-Alvarez it would remain silent on his eligibility for the reduction under the Guidelines at the sentencing hearing except to ensure factual accuracies about Mendoza-Alvarez's possession of the rifle. Nonetheless, when the district court asked the government for its position on this issue, the government's lawyer responded that

"under the state of the law, the Court has no discretion.  [Section 2K2.1(b)(2)] does not apply in this case. . . .  [I]f there's anything about it that's illegal, if they're shooting out street lights with the gun, that will destroy the lawful possession for sporting use . . . ." Sent. Tran. at 15.  The district court then denied Mendoza-Alvarez the reduction under § 2K2.1(b)(2).

By failing to remain silent, the government clearly violated its oral plea agreement with Mendoza-Alvarez.  See Margalli-Olvera v. INS, 43 F.3d 345, 354 (8th Cir. 1994) (promise to remain silent by U.S. attorney binding on and breached by INS); United States v. McCray, 849 F.2d 304, 305 (8th Cir. 1988) (per curiam).  At oral argument, government's counsel apologized, but stated he felt compelled to do so because the district court asked the government for its views on whether the defendant was entitled to a reduction.  Nonetheless, the government contends its violation of the plea agreement did not prejudice Mendoza-Alvarez because denial of the § 2K2.1(b)(2) reduction was compelled as a matter of law. We disagree.

Mendoza-Alvarez has presented evidence from which a reasonable trier of fact could conclude that he "possessed all . . . firearms solely for lawful sporting purposes," i.e., hunting pursuant to a state hunting license.  There is also no evidence that Mendoza-Alvarez "unlawfully discharge[d]" his rifle.  Thus, the sole issue is whether Mendoza-Alvarez, in transporting a loaded firearm in violation of Iowa law, did "otherwise unlawfully use" his firearm so as to preclude application of the § 2K2.1(b)(2) reduction.[2]

---

[2]The government relies on United States v. Kissinger, 986 F.2d 1244 (8th Cir. 1993), for the proposition that a violation of state law will automatically defeat a § 2K2.1(b)(2) reduction.  The court noted that "Kissinger had not obtained a permit to carry the gun in South Dakota," but this was only one factor in upholding the district court's factual finding that the defendant possessed the firearm for gun for "personal protection" rather than a lawful sporting or collection purpose.  Id. at 1246.

-4-

We conclude that transporting a firearm in violation of auto safety laws does not constitute, per se, an "otherwise unlawful use" of a firearm under the 2K2.1(b)(2). As the Supreme Court has recently explained, "[t]he word 'use' [as applied under 18 U.S.C. § 924(c)] must be given its 'ordinary or natural' meaning, a meaning variously defined as 'to convert to one's service,' 'to employ,' 'to avail oneself of,' and 'to carry out a purpose or action by means of.' . . . These various definitions of 'use' imply action and implementation." Bailey v. United States, 116 S. Ct. 501, 506 (1995) (citations and alterations omitted). Based on this ordinary meaning, and in light of the statutory framework, the Court interpreted "use" under 18 U.S.C. § 924(c)(1) to mean "active employment." Id. at 508. We also think the ordinary and natural meaning of the word "use" means something more than illegally transporting a firearm after hunting.

The context of § 2K2.1(b)(2) also supports an interpretation of "otherwise unlawfully use" requiring something more than a bare violation of an auto safety law. Under the interpretative maxim of ejusdem generis, a general term following more specific terms is held to apply "only to other items akin to those specifically enumerated." Harrison v. PPG Indus., Inc., 446 U.S. 578, 588 (1980); see also Oxford v. Delo, 59 F.3d 741, 747 (8th Cir. 1995), pet. for cert. filed, No. 95-7829 (Feb. 5, 1996). Thus, under this rule, we interpret the phrase "otherwise unlawfully use" in relation to the immediately preceding phrase "unlawfully discharge." We conclude that an "otherwise unlawful use" under § 2K2.1(b)(2) must be some action similar to an "unlawful discharge," such as using a gun to threaten or to beat another person. Cf. United States v. Smeathers, 884 F.2d 363, 364 (8th Cir. 1989) (per curiam) (defendant who bought rifle for hunting but used it to fire shots inside his house after an argument with his wife was not eligible for reduction).

It is still incumbent on a defendant seeking such a reduction

under § 2K2.1(b)(2) to show that he possessed the firearm for a lawful sporting purpose. On remand, Mendoza-Alvarez will thus be required to demonstrate by a preponderance of the evidence that he possessed the rifle for hunting. Due to the government's violation of its plea agreement, however, Mendoza-Alvarez is entitled to resentencing by a different judge. See United States v. Van Horn, 976 F.2d 1180, 1184 (8th Cir. 1992).

For the aforementioned reasons, we reverse the judgment of the district court sentencing Mendoza-Alvarez, and remand for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.