# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2431

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Harlan Henry Truelson, | * | |
| | * | [PUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted:  December 15, 1998

Filed:  March 12, 1999

_____

Before BEAM and LOKEN, Circuit Judges, and BOGUE,* District Judge.

_____

PER CURIAM.

Based upon the discovery of drugs and drug paraphernalia during a traffic stop, police searched the rural residence of Harlan H. Truelson, his brother, and his sons. The search uncovered 287 grams of marijuana in the barn, 68 grams of marijuana in a refrigerator inside the house, five scales in the basement, several boxes of ammunition, twenty seven unloaded firearms in a basement display case and an upstairs hall closet, and a .22 caliber pistol in the machine shed. Truelson stipulated

_____

*The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

to possessing eighteen of the rifles and shotguns.  Pursuant to a plea agreement, the government dropped two drug trafficking counts, and Truelson pleaded guilty to being a felon in possession of one or more firearms in violation of 18 U.S.C. § 922(g)(1).  He now appeals his thirty-four-month sentence, arguing he is entitled to a six-level reduction of his base offense level because he "possessed all ammunition and firearms solely for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(2).  We affirm.

The following evidence was introduced at the sentencing hearing.  The twenty seven firearms found in the house included a wide variety of old and new shotguns and rifles, plus two handguns.  There were several kinds of ammunition in many boxes, two or three of which were partially empty.  There were four to six gun collector books but no purchase receipts for most of the firearms.  Only one box of ammunition appeared to be "old, antiquated, or collector-type ammunition." Truelson testified that he had never fired any of the guns and only purchased some of the ammunition because it was on sale. Only on cross examination was Truelson directly asked whether he possessed the firearms for collection.  He responded:

> Q.  Is it your testimony today, though, that . . . you . . . were purchasing or possessing firearms for collection purposes if I'm understanding you correctly?
>
> A.  With my son, yeah, <u>pretty much</u>.

(Emphasis added.)  Based upon this evidence, and taking into account the dismissed drug trafficking charges, the district court[1] found that Truelson had not proved the firearms were possessed solely for lawful sporting purposes or collection.

---

[1]The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa.

On appeal, Truelson argues he possessed the firearms "solely for . . . collection" and is therefore entitled to the § 2K2.1(b)(2) reduction. Truelson bears the burden of proof on this issue. We review the district court's finding regarding his purpose in possessing the firearms for clear error. See United States v. Kissinger, 986 F.2d 1244, 1246 (8th Cir. 1993). The issue turns upon the relevant surrounding circumstances, which include "the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, [and] the nature of the defendant's criminal history." U.S.S.G. § 2K2.1, cmt. (n.10). Truelson argues there was insufficient evidence of a nexus between the firearms and his alleged drug trafficking, relying on United States v. Mendoza-Alvarez, 79 F.3d 96, 98-99 (8th Cir. 1996). But that case turned on the question whether the firearms were "otherwise unlawfully use[d]" for purposes of § 2K2.1(b)(2), not on whether they were used "solely for . . . collection." In this case, taking into account the variety of new and used guns, the presence of partially used ammunition, Truelson's equivocal answer regarding collection, and the evidence of on-going drug activity, the district court's finding that Truelson failed to prove the firearms were possessed *solely* for collection was not clearly erroneous.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.