# United States Court of Appeals
## For the First Circuit

No. 02-1741

UNITED STATES OF AMERICA,
Appellee,

v.

SAMUEL SANCHEZ-MOTA,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Selya, Circuit Judge,
Farris,[*] Senior Circuit Judge, and
Howard, Circuit Judge.

Héctor E. Guzmán-Silva, Assistant Federal Public Defender,
with whom Joseph C. Laws, Jr., Federal Public Defender, and Juan
F. Matos-DeJuan, Assistant Federal Public Defender, were on
brief, for Appellant.

Thomas F. Klumper, Assistant United States Attorney, with
whom H. S. Garcia, United States Attorney, and Sonia I. Torres,
Assistant United States Attorney, were on brief, for the
Appellee.

December 24, 2002

[*]Of the Ninth Circuit, sitting by designation.

**Per Curiam**. Defendant Samuel Sanchez Mota pleaded guilty to being an alien found in the United States after removal, in violation of 8 U.S.C. § 1326(a). The district court applied U.S.S.G. § 2L1.2(b)(1)(C) to enhance his base offense by 8 levels for remaining in the United States after an aggravated felony conviction. We reverse and remand for resentencing.

## BACKGROUND

Title 8, § 1326(a) forbids an alien who was once removed from the country to return to the United States without special permission, and it authorizes a prison term of up to, but no more than, two years. Section 1326(b) authorizes a prison term of up to, but no more than, 20 years for "any alien described" in subsection (a), if the initial "removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b) (emphasis added). As the government acknowledges, there is no question that the defendant is subject to § 1326(a), but is not subject to § 1326(b). Nevertheless, his conviction for an aggravated felony—though his initial removal was precedent to the conviction—served as the basis for the district court's application of a sentencing enhancement and a term of imprisonment in excess of the § 1326(a) limit of two years.

The facts are not in dispute. Samuel Sanchez-Mota was deported from the United States in 1994. He returned and was again deported/removed from the United States in August 1999. Sometime

after this removal, Sanchez-Mota reentered the United States.  In April 2000, he was convicted in Puerto Rico of an "aggravated felony," receipt of illegally appropriated goods, and sentenced to two years.  On an unknown date in 2001, Sanchez-Mota was released from custody upon the completion of his sentence.  In July 2001, he was arrested and charged with being an illegal alien "found in" the United States after deportation, in violation of 8 U.S.C. § 1326(a).  He pleaded guilty.  His non-binding plea agreement specified a U.S.S.G. calculation with the understanding that Sanchez-Mota was not an aggravated felon.  That calculation would have provided for an adjusted offense level of 6, resulting in a guideline sentencing range of 9 to 15 months.

The district court disagreed with the calculation presented by the parties.  U.S.S.G. § 2L1.2(b)(1)(C) provides for an 8-level enhancement in the base offense level "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony."  The district court, accepting the recommendation of the probation officer, concluded that the guideline for aggravated felons applied.  The court sentenced Sanchez-Mota in accordance with an adjusted offense level of 13, which resulted in a 30-month sentence.

**DISCUSSION**

We review the district court's interpretation and application of the sentencing guidelines <u>de novo</u> and its factual findings for clear error. <u>United States</u> v. <u>Skrodzki</u>, 9 F.3d 198, 203 (1st Cir.1993).

Although the language of the relevant statute and guideline is convoluted, the question presented is simple: does a U.S.S.G. § 2L1.2(b)(1)(C) enhancement apply to Sanchez-Mota, whose removal was <u>precedent</u> to his conviction for an aggravated felony? The government argues that it does because Sanchez-Mota unlawfully "remained" in the United States *after* his conviction, i.e., his initial deportation could serve as the basis for unlawfully remaining in the country <u>subsequent</u> to his conviction because 8 U.S.C. § 1326(a) constitutes a continuing offense. The government reconciles the contradiction between U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1326(b)—a penalty provision that states that an alien's <u>removal</u> must be subsequent to an aggravated felony—by asserting that § 1326(b) doesn't apply. According to the government, the district court correctly applied the U.S.S.G. § 2L1.2(b)(1)(C) enhancement, but should have sentenced Sanchez-Mota to no more than two years, the statutory maximum under § 1326(a). Sanchez-Mota argues that U.S.S.G. § 2L1.2(b)(1)(C) does not apply to these factual circumstances. Alternatively, he argues that the guideline

-4-

language is ambiguous and the rule of lenity should be applied in his favor.

Sanchez-Mota's position is more persuasive based on: (1) the plain language of U.S.S.G. § 2L1.2(b)(1)(C); and (2) the relationship between U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1326(a).

**1.**       **Plain Language of U.S.S.G. § 2L1.2(b)(1)(C)**

U.S.S.G. § 2L1.2 is entitled "Unlawfully Entering or Remaining in the United States." It is the "Remaining in the United States" aspect that the government attempts to apply to Sanchez-Mota. Because § 1326(a) constitutes a continuing offense, the government argues that the 8-level enhancement applies—even if his removal was <u>precedent</u> to the conviction. According to the government, Sanchez-Mota necessarily "remained" in the country <u>subsequent</u> to his conviction for an aggravated felony.

The application notes for U.S.S.G. § 2L1.2(b)(1)(C) provide:

> A defendant shall be considered to have unlawfully remained in the United States if the defendant remained in the United States <u>following a removal order issued after a conviction</u>, regardless of whether the removal order was in response to the conviction.

U.S.S.G. § 2L1.2, cmt. n.1(A)(iii) (emphasis added). This language suggests that the guideline enhancement will apply, at most, to an alien who (a) commits an aggravated felony, (b) is then subject to

-5-

an order of deportation or removal, and (c) doesn't depart but instead remains in the United States unlawfully.

In contrast, Sanchez-Mota (a) was removed, (b) returned illegally, and (c) was convicted of an aggravated felony. Were the government's interpretation of U.S.S.G. § 2L1.2(b)(1) adopted, it wouldn't matter whether the removal occurred precedent to or subsequent to the conviction. So long as the defendant had been previously deported, he would face a sentencing enhancement if he committed an aggravated felony. Thus, the government implies that applying the present guideline would have changed the result of United States v. Mendoza-Alvarez, 79 F.3d 96 (8ᵗʰ Cir. 1996).

In Mendoza-Alvarez, the defendant's initial deportation occurred in 1986 or earlier, he was convicted of a crime in 1987, and he voluntarily departed sometime after that only to return illegally. This final time around, he pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a), and the district court enhanced his base level for the offense under U.S.S.G. § 2L1.2(b)(1). The government argued that this enhancement was proper because the defendant (a) had been convicted of an aggravated felony, and (b) had voluntarily departed the country and then illegally returned. The Eighth Circuit reversed because the government had failed to offer any evidence that defendant had ever been deported *after* his conviction. Id. at 97-98. According to the government's interpretation, this consideration would not matter

under U.S.S.G. 2L1.2(b)(1)(C) because the defendant's 1987 deportation order meant that he was unlawfully "remaining in the United States" <u>subsequent</u> to any conviction. This interpretation is unsupported and unpersuasive.

**2.      Relationship Between U.S.S.G. § 2L1.2(b)(1) and 8 U.S.C. § 1326**

A larger problem with the government's interpretation of U.S.S.G. § 2L1.2(b)(1) is that it allows the application of a greater penalty according to the rationale of § 1326(b) for someone convicted only of violating § 1326(a), even when § 1326(b) expressly doesn't apply. We reject the argument.

The Sentencing Commission added the unlawfully "remaining" provision and its explanatory notes to U.S.S.G. § 2L1.2 in order to implement the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009. IIRIRA provided that the Sentencing Commission was to "make appropriate changes in the base offense level for offenses under . . . 8 U.S.C. 1252(e) and 1326(b)" to reflect corresponding changes made in statutory penalties for those offenses made by the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, 108 Stat. 1796. IIRIRA § 334 (emphasis added); <u>see</u> U.S.S.G., App. C, amend. 562. The old § 1252(e), the substance of which is now contained in 8 U.S.C. § 1253(a), addressed penalties for "failure to depart," the natural correlative for unlawfully

"remaining in the United States." See VCCLEA § 130001; 8 U.S.C. § 1253(a) ("Penalty for failure to depart"). That section is not at issue here. Section 1326(b) addresses aliens whose removal was subsequent to their convictions for aggravated felonies. The government recognizes that section 1326(b) is also not at issue here. The guidelines contain no discussion whatsoever about applying the unlawfully "remaining" language to defendants convicted under § 1326(a) but not § 1326(b). The government's suggestion to the contrary is unsupported.

Furthermore, the base offense level for someone convicted of a violation of § 1326(a) alone is 8, which at most (for someone in the top criminal history category) would result in a sentence of 24 months, i.e., the same as the statutory maximum under § 1326(a). See U.S.S.G. § 2L1.2(a); Ch. 5, Pt. A (Sentencing Table). If the defendant was previously deported, or unlawfully remained in the United States, after a conviction for an aggravated felony, the base level is increased by 8 levels. At offense level 16, the maximum sentence is 57 months, a figure that far exceeds the statutory maximum of subsection (a), but one that falls well within the statutory maximum of 20 years contained in subsection (b). See id. It makes little sense for the government to suggest that U.S.S.G. § 2L1.2(b)(1)(C) would require an automatic statutory maximum sentence of two years for all defendants similarly situated

to Sanchez-Mota.[1]   Far more persuasive is the defendant's contention that the U.S.S.G. § 2L1.2(b)(1)(C) enhancement does not apply to him.

**<u>Reversed and remanded for resentencing</u>**.

---

[1]Under a straight application of the guidelines, only defendants with a criminal history category of (I) would be sentenced to less than two years.  Even then the range would be 21 to 27 months.  U.S.S.G. Ch. 5, Pt. A.