**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William S. LONG, Defendant–**
**Appellant.**

No. 02–3495.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 9, 2004.

Decided Feb. 10, 2004.

138

Carol A. Davilo, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Robert M. Levine, Phoenix, AZ, Pro se.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Convicted felon William Long pleaded guilty pursuant to a written plea agreement to violating 18 U.S.C. § 922(g)(1) by possessing two twelve-gauge shotguns that had traveled in interstate commerce. The district court sentenced Long to 21 months' imprisonment followed by three years' supervised release, and imposed a $100 fine. Long filed a timely notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he is unable to discern any nonfrivolous issues for appeal. Because Long declined our invitation to file a response, *see* Cir. R. 51(b), we limit our review of the record to the potential issues identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

In August 2001 Long's rocky relationship with then-wife Janet Long reached a boiling point. After Long smashed a computer monitor and keyboard, Janet called the police. When they arrived Janet informed them that Long was a convicted felon, but had two shotguns, although he had not used them during their argument. After Long was arrested for disorderly conduct, Janet turned the guns over to the police, explaining that their presence in the home made her uncomfortable. The government ultimately obtained a one-count indictment charging Long with possession of a firearm by a felon. 18 U.S.C. § 922(g)(1).

In Long's presentence report, the probation officer recommended a base offense level of 6 under U.S.S.G. § 2K2.1(b)(2), which in limited circumstances provides for a reduced offense level if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes ... and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." Although the government conceded that Long used the shotguns for hunting, it nonetheless objected to the § 2K2.1(b)(2) reduction based on Janet's grand jury testimony that when Long wanted to threaten her during an argument he would set the guns out on the couch or kitchen table. Janet also testified that once when she asked Long, "What are you going to do? Shoot me?" Long responded, "Shoot, maybe shoot myself or shoot you."

Before sentencing the government moved for a continuance so that Janet could testify. At sentencing Long objected to the continuance and opted instead to let the court rely on Janet's grand jury testimony. Long and his father then testified that Long had been hunting since he was 12 years old, and that he had never used the shotguns (one of which actually belonged to Long's nephew) to threaten or intimidate Janet. The district court discredited their testimony, and, relying on Janet's grand jury testimony, found that Long had "unlawfully used [the] firearms on more than one occasion ... to threaten

and to intimidate Janet Long during domestic arguments." The court thus denied the § 2K2.1(b)(2) reduction, making Long's base offense level 14. The court then subtracted two levels for Long's acceptance of responsibility and sentenced Long at the top of the resulting 15– to 21–month range.[1]

Counsel correctly observes that by pleading guilty unconditionally, Long admitted the facts as charged and waived his opportunity to present a defense on the merits. *United States v. Rietzke,* 279 F.3d 541, 545 (7th Cir.2002). Although Long could still challenge the validity of his guilty plea, after consulting with counsel he concluded that he does not want it set aside; thus, counsel does not consider the matter further. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). According to counsel, that leaves only one potential issue for consideration: whether Long could challenge the district court's refusal to award him the § 2K2.1(b)(2) reduction.

Under § 2K2.1(b)(2) Long bore the burden of demonstrating that he used the guns solely for sporting purposes. *See United States v. Lewitzke,* 176 F.3d 1022, 1028 (7th Cir.1999); *United States v. Truelson,* 169 F.3d 1173, 1174 (8th Cir.1999) (per curiam). Here the district court disbelieved Long's testimony that he had never threatened Janet with the guns, and chose instead to credit Janet's grand jury testimony that he used the weapons to threaten and intimidate her during arguments. *Cf. United States v. Mendoza–Alvarez,* 79 F.3d 96, 99 (8th Cir.1996) (recognizing "using a gun to threaten ... another person" as unlawful use). The

court found that Janet's testimony was corroborated by the restraining orders she had received against Long and the circumstances surrounding their abusive relationship.

We would review the district court's factual finding that Long used the guns unlawfully only for clear error. 18 U.S.C. § 3742(e); *Lewitzke,* 176 F.3d at 1028. Given the court's findings, we agree with counsel that Long's challenge would be frivolous because "it is well established that the district court's choice of whom to believe is almost never vulnerable to a finding of clear error," *United States v. Alvarado,* 326 F.3d 857, 862 (7th Cir.2003); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), and counsel points to nothing about Long's case that would warrant deviating from this rule.

Therefore, we GRANT counsel's motion to withdraw and DISMISS Long's appeal.

1. Although Long has already served his prison sentence, his appeal would not be moot because the district court imposed the maximum term of supervised release, which Long is still serving. Thus, a successful challenge to his sentence could end his supervised release because if the court had imposed a prison sentence under § 2K2.1(b)(2), it would not have had to impose any supervised release. *See* U.S.S.G. § 5D1.1(a), (b); *see also United States v. Trotter,* 270 F.3d 1150, 1152–53 (7th Cir.2001).