# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3215

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mark Anderson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 10, 2004
Filed: March 16, 2004

_____

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

_____

PER CURIAM.

Mark Anderson (Anderson) was convicted of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (2000). The district court[2] sentenced Anderson to 24 months imprisonment and three years of supervised release. On appeal, Anderson contends the district court erred in finding the firearms were not

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

possessed "solely for lawful sporting purposes," U.S.S.G. § 2K2.1(b)(2), and in denying him a sentencing reduction to a base offense level of six. We affirm.

Section 2K2.1(b)(2) provides, "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition," then the base offense level is reduced to six. Anderson bears the burden of proving a reduction in his base offense level is warranted. United States v. Ramirez-Rios, 270 F.3d 1185, 1187 (8th Cir. 2001). "We review the district court's finding regarding [a defendant's] purpose in possessing the firearms for clear error." United States v. Truelson, 169 F.3d 1173, 1174 (8th Cir. 1999). In determining whether the reduction should apply, a district court examines "[r]elevant surrounding circumstances[,] includ[ing] the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history . . . , and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1, cmt. n.10.

On December 18, 2002, a Green County, Missouri, sheriff's deputy initiated a traffic stop of Anderson's truck after the deputy observed Anderson's truck roll through a stop sign. During the course of the traffic stop, the deputy discovered three concealed and loaded firearms–a .22 rifle, a 20-gauge shotgun, and a .357 Magnum revolver–inside Anderson's truck in violation of Missouri law. The .357 revolver was located in a holster tucked between the seat and wheel well compartment and was concealed from view. This same firearm was registered as having been previously confiscated by law enforcement during a police shootout in which Anderson was wounded and arrested.

At the sentencing hearing, the deputy testified Anderson was cooperative when stopped, telling the deputy he had firearms in the truck, he was a convicted felon, and he and his daughter were going target shooting at a friend's house. The deputy

further discovered inside Anderson's truck six .357 rounds and eleven .22 rounds, but found no additional ammunition for the 20-gauge shotgun or any evidence of target shooting, such as paper targets, clay pigeons, or tin cans. Based on the quantity of ammunition recovered, the deputy estimated the ammunition would provide two to three minutes of slow target shooting. The deputy also testified that, over the past eight years, he had frequently patrolled the area where the traffic stop occurred and had no knowledge of a shooting range located in the area.

The district court determined the .357 revolver was illegally concealed in the truck, thereby rendering Anderson ineligible for a section 2K2.1(b)(2) reduction. The court also stated it did not believe Anderson's testimony regarding the possession and intended use of the firearms. Based on evidence adduced at sentencing, including Anderson's three prior convictions for firearm offenses, his possession of firearms during two additional encounters with law enforcement, and the firearms discovered in this stop, with minimal ammunition and no targets, we conclude the district court did not clearly err in finding (1) Anderson's testimony is incredible; and (2) Anderson is ineligible for a base offense reduction pursuant to section 2K2.1(b)(2).

Accordingly, we affirm Anderson's sentence. See 8th Cir. R. 47B.

_____