**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3130
_____

UNITED STATES OF AMERICA

v.

RALPH E. HAUCK, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-11-cr-00130-001)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
May 17, 2013

Before:  SMITH, FISHER, and CHAGARES, Circuit Judges.

(Filed: July 24, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Ralph Hauck pled guilty to one count of being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1) and was sentenced to twenty-four months of

imprisonment.  On appeal, he argues that the District Court should have dismissed his

indictment on the grounds that § 922(g)(1) is an unconstitutional exercise of Congressional power, that he should have benefitted from an offense level reduction under section 2K2.1(b)(2) of the advisory United States Sentencing Guidelines, and that his sentence was substantively unreasonable. For the reasons discussed below, we will affirm.

I.

We write solely for the benefit of the parties and so we will recount only those facts necessary to our disposition.

In December 2010, two correctional officers responded to reports of an individual hunting in the environs of the Allenwood Federal Correctional Complex and found Hauck, along with a rifle in the front seat of his vehicle. In the course of his conversation with them, Hauck informed the officers that he had spent time in federal prison. The officers contacted the Federal Bureau of Investigation ("FBI") after the encounter to notify it of the incident.

Because Hauck had previously been convicted of a federal felony offense, he was not permitted to possess a firearm and the FBI began an investigation. The FBI learned from an officer of the Pennsylvania State Game Commission a little over a week later that Hauck had been cited and taken into custody for several game violations as well as for firing his weapon over a public highway. When FBI agents questioned Hauck, he admitted that he possessed three weapons and that he had fired his weapon that day.

Hauck was subsequently indicted on three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and a single count of trespassing at the

2

Allenwood Federal Correctional Complex in violation of 18 U.S.C. § 1793. Hauck filed a motion to dismiss the firearms offenses based on the Commerce Clause and the Second Amendment. The District Court denied his motion, and Hauck then pled guilty to Count Three of the indictment, which was one of the felon-in-possession charges. The plea was a conditional plea pursuant to Federal Rule of Criminal Procedure 11(a)(2) preserving the constitutional challenge raised in Hauck's motion to dismiss his indictment.

At his sentencing hearing, Hauck challenged the application of section 2K2.1(b)(2) of the United States Sentencing Guidelines, but the District Court overruled his objection. The District Court determined that Hauck's offense level was thirteen and criminal history category was IV, which produced an advisory Guidelines range of twenty-four to thirty months. After consideration of the 18 U.S.C. § 3553(a) factors, the District Court imposed a twenty-four month sentence. Hauck timely appealed.

II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231, and this Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. In reviewing a motion to dismiss an indictment, we exercise plenary review over the District Court's legal conclusions, but review factual findings for clear error. United States v. Huet, 665 F.3d 588, 594 (3d Cir. 2012). In reviewing legal questions regarding the application of the United States Sentencing Guidelines, we similarly review a District Court's interpretation of the Guidelines de novo, but review its factual findings for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). Finally, we review the substantive reasonableness of a sentence under an abuse-of-discretion standard, and

3

will not reverse a sentence unless no reasonable court could have imposed such a sentence. United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).

A.

Hauck raised two constitutional challenges to § 922(g)(1), the felon-in-possession statute, arguing that the prohibition on gun ownership by those convicted of a federal felony violates the Second Amendment and exceeds Congress' authority under the Commerce Clause. Our precedent, however, clearly explains why this is not the case.

First, this Court has rejected Hauck's argument that the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008), demonstrates that the felon-in-possession statute is a facially unconstitutional law. United States v. Barton, 633 F.3d 168, 172 (3d Cir. 2011) ("[B]ecause Heller requires that we 'presume,' under most circumstances, that felon dispossession statutes regulate conduct which is unprotected by the Second Amendment, [a] facial challenge must fail."). Hauck's as-applied challenge fails as well because Hauck, who has a long list of past convictions including witness tampering and harassment as well as a 2008 violation of an order of protection taken out by his estranged wife, has not shown that his circumstances place him outside of the intended scope of § 922(g)(1) such that the statute is unconstitutional as applied to him. See id. at 174.

Second, in United States v. Gateward, 84 F.3d 670 (3d Cir. 1996), we joined eight other courts of appeals in "upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power." Id. at 672 (citing cases). Contrary to Hauck's suggestion, nothing in the Supreme Court's decision in Heller casts any doubt on this

4

conclusion. Hauck's constitutional challenges are therefore without merit, and we will affirm the District Court's denial of Hauck's motion to dismiss his indictment.

B.

The District Court overruled Hauck's objection and declined to reduce his offense level under U.S.S.G. § 2K2.1(b)(2), which provides that a defendant's offense level shall be reduced to level six if he "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." To qualify for a reduction under this subsection, a defendant must show by a preponderance of the evidence that his possession was for lawful sporting purposes or collection and that his discharge or use was lawful. United States v. Miller, 224 F.3d 247, 251 (3d Cir. 2000). We will focus, as did the District Court, on the second requirement.

It is undisputed that Hauck was cited for firing his rifle across a public highway, in violation of section 9504 of the Pennsylvania Game and Wildlife Code. While this citation may be a de minimis violation for purposes of calculating Hauck's criminal history category under the Sentencing Guidelines, see U.S.S.G. § 4A1.2(c)(2), it does not follow that Hauck's actions in firing his rifle across a public highway were "lawful." Pennsylvania has understandably passed legislation to protect motorists from errant bullets; that legislation makes Hauck's discharge unlawful. Hauck's citation to United States v. Mendoza-Alvarez, 79 F.3d 96 (8th Cir. 1996), is unconvincing because the court in that case simply held that the transportation of a firearm in violation of auto safety laws did not constitute an unlawful use under § 2K2.1(b)(2) because the defendant did

5

not make "use" of the firearm as that term is employed in the enhancement when he drove with a loaded rifle in his vehicle. Id. at 98-99. Here, though, it is evident that Hauck's relevant conduct involved the use of a firearm. Accordingly, we find no error in the District Court's conclusion that Hauck was not qualified to receive a sentence reduction under § 2K2.1(b)(2).

## C.

The final issue presented in this appeal is whether the District Court's sentence was substantively reasonable. "Ultimately, the touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)," and we will affirm a sentence unless no reasonable sentencing court would have imposed the same sentence for the reasons the District Court relied on. Tomko, 562 F.3d at 568 (quotation marks omitted). At Hauck's sentencing, the District Court considered the § 3553 factors, including his history of prior offenses, the need for deterrence, and the need to protect the public, and determined that a twenty-four month sentence was appropriate. We cannot say that this within-Guidelines sentence was an abuse of the District Court's discretion.

## III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.