In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-1554

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RUBEN A. PAZ-GIRON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois
No. 15-CR-20059-01 — **Colin S. Bruce**, *Judge.*

ARGUED AUGUST 9, 2016 — DECIDED AUGUST 17, 2016

Before BAUER, POSNER, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Ruben Paz-Giron, a 46-year-old citizen of Mexico, pleaded guilty to being unlawfully present in the United States after removal, 8 U.S.C. § 1326(a), and was sentenced to 24 months in prison. He claims that the district court misapplied an 8-level upward adjustment in the Sentencing Guidelines for aliens who unlawfully remain in the United States after being convicted of an aggravated felony. *See* U.S.S.G. § 2L1.2(b)(1)(C). Because Paz-Giron does

not qualify for the adjustment, we vacate the sentence and remand for resentencing.

## I. Background

Paz-Giron entered the United States without authorization around 1985 when he was 15 years old. His early years here were uneventful, but between 1998 and 2001, he was convicted four times in California for driving under the influence of alcohol. He was removed to Mexico in 2002.

Sometime later Paz-Giron returned to the United States and had further run-ins with the law. In January 2013 he was again convicted of driving under the influence. Two months later he pleaded guilty to identity theft for using someone else's personal information to obtain medical services from a local hospital. This offense was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i) because it involved more than $10,000 in loss to the victim. In 2015 he was convicted of yet another DUI.

In late 2015 a federal grand jury indicted Paz-Giron for being unlawfully present in the United States after removal. He pleaded guilty. The probation office calculated a Guidelines range of 24 to 30 months based on a total offense level of 13 and a criminal-history category of IV. The key determinant was the application of an 8-level upward adjustment under § 2L1.2(b)(1)(C), which applies to aliens who "unlawfully remain[] in the United States, after … a conviction for an aggravated felony." The probation office applied this adjustment based on Paz-Giron's 2013 conviction for identity theft—a conviction that occurred years after he was removed to Mexico and returned to the United States. The presen-

tence report also stated, mistakenly, that the statutory maximum penalty was 20 years.

At sentencing the government advised the court that Paz-Giron's statutory-maximum sentence was 2 years rather than 20 years, as stated in the presentence report. The higher maximum applies only to aliens "whose removal was subsequent to a conviction for commission of an aggravated felony," 8 U.S.C. § 1326(b)(2), and as the government acknowledged, Paz-Giron had been removed *before* his aggravated-felony conviction for identity theft. The district judge noted the correction, applied the 8-level adjustment under § 2L1.2(b)(1)(C), and imposed a 24-month sentence, the statutory maximum.

## II. Discussion

Paz-Giron's appeal raises a single issue: Was it error to apply the 8-level upward adjustment under § 2L1.2(b)(1)(C)? This issue is new on appeal, so our review is for plain error. *Henderson v. United States*, 133 S. Ct. 1121, 1124 (2013); FED. R. CRIM. P. 52(b). We may correct a forfeited error if (1) the error is "plain"; (2) affects the defendant's "substantial rights"; and (3) "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *Henderson*, 133 S. Ct. at 1126–27 (quotation marks omitted).

The offense guideline applicable to Paz-Giron's § 1326(b)(2) conviction instructs the court to apply an 8-level increase "[i]f the defendant previously was deported, or unlawfully remained in the United States, after … a conviction for an aggravated felony." § 2L1.2(b)(1)(C). Paz-Giron argues that he does not meet this condition because he was

removed in 2002, long before he committed the aggravated felony of identity theft.

He is correct. Paz-Giron was not "deported … after … a conviction for an aggravated felony," so the 8-level adjustment applies to him *only* if he can be said to have "unlawfully remained in the United States" after such a conviction. § 2L1.2(b)(1)(C). The term "unlawfully remained" is helpfully defined in an application note that is quite specific in describing the sequence in which the removal order and the relevant conviction must take place: "A defendant shall be considered to have unlawfully remained in the United States if the defendant *remained in the United States following a removal order issued after a conviction*, regardless of whether the removal order was in response to the conviction." § 2L1.2 cmt. n.1(A)(iii) (emphasis added). That is, the adjustment applies only if the defendant unlawfully remained in this country following a removal order issued *after* the relevant conviction—here a conviction for an aggravated felony.

Paz-Giron was removed from the United States long *before* his aggravated-felony conviction, so he did not "unlawfully remain" in this country as that term is defined in the application note. *See United States v. Martinez-Garcia*, 268 F.3d 460, 466 (7th Cir. 2001) (recognizing that the guideline applies "where the deportation was subsequent to a conviction for an aggravated felony"); *United States v. Nevares-Bustamante*, 669 F.3d 209, 213 (5th Cir. 2012) (reaching same conclusion); *United States v. Sanchez-Mota*, 319 F.3d 1, 3–4 (1st Cir. 2002) (spurning as "unsupported and unpersuasive" the argument that the guideline applies to defendants removed before an aggravated-felony conviction).

The government offers two alternative interpretations of the application note. The first alternative reads the note as simply giving an example of one circumstance in which the adjustment should apply. This reading ignores the actual language of the note, which is categorical, not exemplary. The note explains that the adjustment applies "if the defendant remained in the United States following a removal order issued after a conviction" for one of the crimes listed in the guideline—here, an aggravated felony. § 2L1.2 cmt. n.1(A)(iii); *see Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). This text is not phrased as a mere example.

The government's second proposed interpretation is even less compelling. Seizing on the note's reference to "*a* conviction" rather than "*the* conviction," the government suggests that the 8-level adjustment applies if the defendant remained in this country following a removal order issued after *any* conviction, even if the conviction was *not* for an aggravated felony. On this understanding, the increase was appropriate here because Paz-Giron remained in this country following a removal order issued after he sustained several convictions for drunk driving; it doesn't matter that the removal order was issued long *before* the aggravated-felony conviction.

This strained reading creates a glaring inconsistency between the guideline itself and its interpretative note. The text of the guideline tells us that the relevant conviction for purposes of the 8-level increase is "a conviction for an

aggravated felony." § 2L1.2(b)(1)(C). Under the government's proposed interpretation, the 8-level adjustment would be triggered if the defendant remained in this country following a removal order issued after *any* conviction—even one for a trivial offense like jaywalking—as long as the defendant was convicted of an aggravated felony sometime later. That tortured interpretation cannot be correct.

We note as well that the government's proposed alternative interpretations of the note are inconsistent with the purpose of § 2L1.2(b)(1)(C). Years ago we emphasized that this guideline is keyed to "the seriousness of the crime committed, ratcheting up the sentence because it is a more serious offense to return after deportation when the defendant has previously committed a serious crime." *United States v. Gonzalez*, 112 F.3d 1325, 1330 (7th Cir. 1997) (construing an earlier version of § 2L1.2(b)). That understanding is consistent with the statutory scheme; section 1326(b)(2) raises the maximum sentence from 2 to 20 years for aliens who were removed "subsequent to" a conviction for an aggravated felony. *See Sanchez-Mota*, 319 F.3d at 4 (recognizing that "[i]t makes little sense for the government to suggest that U.S.S.G. § 2L1.2(b)(1)(C) would require an automatic statutory maximum sentence" for defendants removed *before* a conviction for an aggravated felony). As we've noted, the judge correctly recognized that the higher statutory maximum does not apply to Paz-Giron because his removal order and aggravated-felony conviction did not occur in the proper sequence. For precisely the same reason, the judge shouldn't have applied the 8-level Guidelines adjustment either.

Without the 8-level increase, the Guidelines range is 6 to 12 months rather than 24 months. *See* U.S.S.G. ch. 5, pt. A, and § 3E1.1. A miscalculation of the advisory range is ordinarily enough to establish prejudice for purposes of plain-error review. That standard requires the defendant to show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). *Molina-Martinez* held that "[w]hen a defendant is sentenced under an incorrect Guidelines range[,] … the error itself can, *and most often will*, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345 (emphasis added). Moreover, we've emphasized that "[w]hen a district court incorrectly calculates the [G]uideline[s] range, we normally presume the improperly calculated [G]uideline[s] range influenced the judge's choice of sentence, unless he says otherwise." *United States v. Adams*, 746 F.3d 734, 743 (7th Cir. 2014). The normal presumption applies here.

Accordingly, we VACATE the sentence and REMAND for resentencing. In light of the exigencies here, the mandate shall issue forthwith and resentencing should be expedited.