**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROXANA DEL CARMEN LOPEZ-LOPEZ,<br><br>                Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                Respondent. | No.   15-71403<br><br>Agency No. A200-774-421<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2019
San Francisco, California

Before:  SILER,[**] CLIFTON, and BYBEE, Circuit Judges.

Rozana Del Carmen Lopez-Lopez petitions for review of the Board of

Immigration Appeals's (BIA) order dismissing her appeal from an Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Judge's (IJ) decision denying her application for asylum, withholding of removal, and CAT protection. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252. "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation marks and citations omitted).

1. To establish eligibility for asylum on the basis of past persecution, Lopez "must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000) (footnotes omitted). The BIA concluded that the single threatening letter Lopez received did not rise to the level of persecution and that, even if it did, it was not "on account of" a protected ground. Lopez does not point to evidence in the record that "compels a contrary conclusion from that adopted by the BIA." *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010).

Substantial evidence supports the BIA's decision that the single threatening letter did not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d

2

1179, 1181–82 (9th Cir. 2003) (harassment, unfulfilled threats, and one beating did not compel a finding of past persecution). This is especially true considering that Lopez and her daughter—the subjects of the threat—were never harmed. *See Singh v. INS*, 134 F.3d 962, 968 (9th Cir. 1998) (finding it unlikely that past persecution was established when there is no evidence of physical harm or specific threats).

Substantial evidence also supports the BIA's conclusion that Lopez failed to establish persecution "on account of" a protected ground. Lopez argued that she is a member of a particular social group defined as "Salvadoran women threatened by gangs, and where family members have been killed by gangs." The BIA found that this social group lacked the requisite particularity or social distinction and that, even if it were a valid social group, Lopez did not show that was the reason she was threatened. Lopez points to no evidence in the record that compels a contrary conclusion. Instead, Lopez only speculates about the gang's motives. She argues that the gang must have thought she had money because her late husband received money from his family in the United States. But there is no evidence in the record that the gang knew or thought Lopez had money—in fact, the evidence indicates that the gang asked everyone in the area for similar "rent" payments. *See Ochave v. INS*, 254 F.3d 859, 866 (9th Cir. 2001).

3

2.     Because Lopez failed to make a prima facie case for asylum, she necessarily failed to meet the higher standard of proof for eligibility for withholding of removal.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

3.     Substantial evidence also supports the BIA's conclusion that Lopez has not established that it is more likely than not that she will be tortured with the acquiescence of the government or government officials if she is returned to El Salvador.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). There is nothing in the record that indicates that the Salvadoran government—or anyone in El Salvador—would torture Lopez if she were returned there.  In fact, Lopez's mother and one of her daughters remain unharmed in the same area of El Salvador from which Lopez fled.  Lopez fails to point to evidence in the record that compels a contrary conclusion.

PETITION FOR REVIEW DENIED.

4