_____

No. 96-2801
_____

United States of America,                 *
                                           *
          Appellee,                        *
                                           *  Appeal from the United States
     v.                                    *  District Court for the
                                           *  Eastern District of Missouri.
Billy Ray Moit,                            *
                                           *        [PUBLISHED]
          Appellant.                       *
                                    _____

               Submitted:  October 7, 1996

                   Filed:  November 14, 1996
                                    _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                                    _____

PER CURIAM.


     Billy Ray Moit challenges the thirteen-month sentence imposed by the
District Court after he pleaded guilty to unlawfully possessing a firearm
in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We reverse.


     In conjunction with an unrelated investigation, and with Moit's
consent, law enforcement officers searched Moit's residence located on
forty acres in rural Missouri.  They seized five firearms, including three
shotguns, a .30-06 rifle, and a .22 rifle.  The officers also seized
numerous unfired .22 rifle rounds and spent .22 rifle shell casings from
Moit's clothing, his vehicle, and his driveway, and noted the presence of
other ammunition inside the residence.


     The PSR assigned a base offense level of 14 under U.S. Sentencing
Guidelines Manual § 2K2.1(a)(6) (1995).  Moit objected, contending his base
offense level should have been reduced to 6, under U.S. Sentencing
Guidelines Manual § 2K2.1(b)(2) (1995),

because he possessed the guns solely for lawful sporting purposes or collection. Moit asserted that his father--who lived at the residence before Moit moved in with his wife and child--owned the guns, possessed them solely for lawful sporting purposes or collection, and had left the guns at the residence upon moving to a nearby town. Moit admitted he constructively possessed the guns, but asserted he had not used them. Moit and his father testified in conformity with these assertions at sentencing.

Moit argued that the evidence established his father possessed the guns as keepsakes, solely for collection purposes, and that Moit kept the guns in his house for his father. Moit noted that the age of some of the weapons indicated that they were antique firearms of the type one would collect. The government argued that section 2K2.1(b)(2) did not apply where a defendant kept a gun collection on behalf of another person, and that the guns were not found in locations consistent with collection purposes.

The District Court found that "substantial evidence and appropriate inferences to be derived from the evidence" showed the guns and ammunition were not used solely for lawful sporting purposes or collection, and that Moit had thus failed to carry his burden of proof. On appeal, Moit argues that the District Court clearly erred in finding he did not possess the guns solely for lawful sporting or collection purposes, noting that no evidence was presented that he made any other use of the guns or that he unlawfully discharged the guns.

Moit was entitled to a base offense level of 6 if he proved that he "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." See U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (1995); United States v. Kissinger, 986 F.2d 1244, 1246 (8th Cir. 1993) (discussing burden of proof). After reviewing the record as a whole, we are left with

a firm and definite conviction that a mistake has been committed and thus conclude that the District Court clearly erred in its finding as to Moit's purposes in possessing the guns.  See United States v. Smith, 49 F.3d 475, 479 (8th Cir. 1995) (standard of review); Kissinger, 986 F.2d at 1246.

We note that the District Court did not specifically identify either the "substantial evidence" or the "appropriate inferences" to which it referred, nor did it make any explicit findings as to the witnesses' credibility.  All of the guns were unloaded, hunting-type firearms, and the ammunition retrieved by the officers was consistent with the weapons involved.  Although spent .22 casings were also discovered, the .22 rifle--which was found stored in a cabinet--was inoperable, and Moit testified that his brother had used another .22 rifle at the property earlier in the year.  Moit denied having shot any of the guns since becoming a convicted felon, and his criminal history reflected no convictions for offenses involving firearms.  See U.S. Sentencing Guidelines Manual § 2K2.1, comment. (n.10) (1995) (relevant considerations include number and type of firearms, amount and type of ammunition, location and circumstances of possession and actual use, nature of defendant's criminal history, and extent to which local law restricted possession).  We reject the government's argument that one who possesses a gun collection owned by another can never receive a section 2K2.1(b)(2) decrease.

Accordingly, the judgment of the District Court is reversed and the case is remanded for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-