# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1153

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Benito Ramirez-Rios, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 2001

Filed: November 5, 2001

_____

Before BOWMAN, HEANEY and BYE, Circuit Judges.

_____

HEANEY, Circuit Judge.

Appellant Benito Ramirez-Rios pled guilty to being a felon in possession of firearms and ammunition and was sentenced to eighteen months by the district court.[1] He appeals the sentence, claiming that the court erred in denying a sentencing reduction under the "sporting purposes" provision of U.S.S.G. § 2K2.1(b)(2) (2000). We affirm.

_____

[1] The Honorable Michael J. Melloy, United States District Court for the Northern District of Iowa.

## I. Background

Ramirez-Rios is a resident of Tama County, Iowa and has a previous 1995 felony conviction. On May 16, 2000, an Iowa state court judge signed a search warrant authorizing law enforcement personnel to search for weapons at the Ramirez-Rios residence. The police discovered three guns in the home: a .22 caliber handgun, a .22 caliber rifle, and a 12-gauge shotgun. The police also found fifteen 20-gauge shotgun shells, three boxes of 12-gauge shotgun shells (deer slugs) and three boxes of .22 caliber ammunition. Ramirez-Rios was arrested by federal authorities, and on October 6, 2000, he pled guilty to being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At the plea hearing, he explained that his wife bought the .22 caliber handgun for personal protection and the .22 caliber rifle for hunting. He also admitted that he used the 12-gauge shotgun to hunt deer.

At his sentencing hearing on January 2, 2001, Ramirez-Rios argued that the court should decrease his base offense level under the "sporting purposes" provision in U.S.S.G. § 2K2.1(b)(2). That provision states: "If the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6." The district court held that the § 2K2.1(b)(2) reduction did not apply for two reasons. First, Ramirez-Rios's hunting was not lawful; the court found that Ramirez-Rios did not have a required deer hunting tag, even though he did have a general hunting license.[2] Second, the court found that the exception did not apply because the .22 caliber handgun was held for protection purposes, not for a lawful sporting purpose. After making these

---

[2]The court also found that Mr. Ramirez-Rios did not wear blaze orange when he went deer hunting, but the court did not place very much weight on that factor.

findings, the court sentenced Ramirez-Rios to eighteen months imprisonment, two to three years supervised release, and a special assessment of $200.

## II. Discussion

We review interpretations of the Sentencing Guidelines de novo, see United States v. Waggoner, 103 F.3d 724, 726 (8th Cir. 1997), and the district court's findings of fact under the clearly erroneous standard. See United States v. Kissinger, 986 F.2d 1244, 1245 (8th Cir. 1993). The defendant has the burden of proving that a reduction in the offense level should apply. See United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990).

Section 2K2.1(b)(2) of the Federal Sentencing Guidelines requires courts to reduce the base offense level of a sentence for being a felon in possession if the defendant possessed all of the weapons for a lawful sporting purpose. U.S.S.G. § 2K2.1(b)(2). In determining whether § 2K2.1(b)(2) applies, the focus of the inquiry is the "intended lawful use" as determined by the surrounding circumstances. Waggoner, 103 F.3d at 726 (citation omitted). The relevant circumstances include "the number of and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of defendant's criminal history, . . . and the extent to which the possession was restricted by local law." U.S.S.G. § 2K2.1(b)(2), comment. (n.10) (2000).

We begin by considering the second basis for the district court's holding – that the sentencing reduction does not apply because Ramirez-Rios possessed the handgun for protection purposes. Ramirez-Rios argues that because his wife bought the .22 caliber handgun for her protection and because he had no intention of using the handgun, it should not preclude application of the § 2K2.1(b)(2) reduction. We disagree. Ramirez-Rios pled guilty to possession of the handgun. In considering

whether the § 2K2.1(b)(2) reduction should apply, we cannot overlook the purpose for which he possessed the gun. If his wife had a sporting or collection purpose for owning the gun, we could attribute that purpose to Ramirez-Rios, and he might be eligible for the sentencing reduction. See United States v. Moit, 100 F.3d 605, 606 (8th Cir. 1996) ("We reject the government's argument that one who possesses a gun collection owned by another can never receive a section 2K2.1(b)(2) decrease."); United States v. Mojica, 214 F.3d 1169, 1172-73 (10th Cir. 2000)("[I]t is also reasonable to interpret [§ 2K2.1(b)(2)] as [applying to a defendant's] benign possession of a firearm used solely for another's sporting or collection purposes"). Here, however, Ramirez-Rios's wife bought and kept the gun for protection purposes.

A defendant who possesses a handgun for personal protection is not entitled to a § 2K2.1(b)(2) reduction. See Kissinger, 986 F.2d at 1246; United States v. Gresso, 24 F.3d 879, 881-82 (7th Cir. 1994). The plain language of § 2K2.1(b)(2) states that the provision only applies "if the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(2) (emphasis added). Ramirez-Rios admitted that the .22 caliber handgun was kept for protection purposes, so the § 2K2.1(b)(2) sentencing reduction does not apply.

The fact that Ramirez-Rios possessed a gun for protection purposes precludes application of § 2K2.1(b)(2)'s sentencing reduction; therefore, we need not consider the other basis for the district court's holding.

Accordingly, we affirm.
A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-