# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3222

_____

United States of America,               *

                                        *

            Appellee,          *    Appeal from the United States

                                        *    District Court for the District

    v.                          *    of Nebraska.

                                        *

James Keever,                  *        [UNPUBLISHED]

                                        *

            Appellant.        *

_____

Submitted:   March 11, 2003

Filed:   March 17, 2003

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After James Keever sold a gun to a pawn shop on behalf of the gun's owner, Keever was arrested for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1) (2000). Keever pleaded guilty. The district court[*] denied Keever's motion for a reduction in the offense level under U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2002) and sentenced him to 30 months in prison. Keever appeals his sentence. We review the district court's findings of fact for clear error and its

_____

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

application of the guidelines to the facts de novo, bearing in mind that it was Keever's burden to prove a reduction in the offense level should apply. United States v. Ramirez-Rios, 270 F.3d 1185, 1187 (8th Cir. 2001).

U.S.S.G. § 2K2.1(b)(2) provides for an eight level reduction in Keever's offense level if he "possessed all ammunition and firearms solely for lawful sporting purposes or collection." Keever contends he qualifies for this reduction because the gun's owner told Keever his uncle had used the gun for hunting. We agree with the district court that the surrounding circumstances indicate Keever possessed the gun for the sole purpose of selling it to a pawn shop, and pawning a weapon does not qualify as a sporting purpose or as collection. See United States v. Mendoza-Alvarez, 79 F.3d 96, 98 (8th Cir. 1996) (defining sporting purposes); United States v. Moit, 100 F.3d 605, 606-07 (8th Cir. 1996) (per curiam) (discussing collection). We thus affirm Keever's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.