# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 03-2291

_____

United States of America,

        Appellee,

    v.

Chad Joseph Quinn,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* Northern District of Iowa.
\*
\* [PUBLISHED]

_____

Submitted: February 11, 2004
Filed: February 19, 2004

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Without a plea agreement, Chad Joseph Quinn pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and being an unlawful user of controlled substances in possession of eight firearms, in violation of 18 U.S.C. § 922(g)(3). At sentencing, he argued that the base offense level for his firearm conviction should be decreased from level fourteen to level six under U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(2) because he had possessed all of the firearms solely for lawful sporting or collection purposes. After rejecting this

argument, the district court[1] sentenced Quinn to sixty months in prison and three years of supervised release. He appeals.

The undisputed facts are as follows. During a traffic stop, a police officer patted down Quinn and found cocaine and marijuana in his pockets. Police obtained a warrant to search Quinn's residence. In the garage, they found a .45-caliber Colt pistol, a 6.5-millimeter Beretta rifle, a 7.62-millimeter Norinco rifle, a loaded .45-caliber Para Ordinance pistol, a .22-caliber Arminius revolver, a .32-caliber Colt pistol, and ammunition. Also in the garage, police recovered roach clips, a mirror with drug residue, scales, pills, marijuana, cocaine, and other drug paraphernalia. Inside the residence, in Quinn's office, police found a 12-gauge Winchester shotgun, a 12-gauge Harrington and Richardson shotgun, and ammunition.

Quinn conceded at sentencing that the base offense level for his firearm conviction should be enhanced by four levels under USSG § 2K2.1(b)(5) because he "possessed any firearm or ammunition in connection with another felony offense," i.e., a drug felony. This concession defeats his argument that the base offense level for his firearm conviction should be decreased by eight levels under USSG § 2K2.1(b)(2) because he "possessed all ammunition and firearms solely for lawful sporting purposes or collection." The two provisions are mutually exclusive: because Quinn possessed *any* of the firearms in connection with another felony, he did not possess *all* of the firearms *solely* for lawful sporting or collection purposes. See United States v. Ellis, 241 F.3d 1096, 1101 (9th Cir. 2001) ("Once the district court concluded that Ellis possessed the rifle 'in connection with' the commission of a felony, it would have been difficult, if not impossible, for the court to find that the rifle was kept solely for sporting purposes or collection."). Since it was Quinn's burden to prove that he possessed all of the firearms for lawful sporting or collection

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

purposes, we conclude that the district court did not clearly err by declining to reduce his base offense level under USSG § 2K2.1(b)(2).  See United States v. Truelson, 169 F.3d 1173, 1174 (8th Cir. 1999) (burden of proof and standard of review).

Accordingly, we affirm the judgment of the district court.

_____