# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3261

———————

United States of America,

                Appellant,

v.

Darrell Wayne Massey, Sr.,

                Appellee.

*
*
*
*
*   Appeal from the United States
*   District Court for the Western
*   District of Missouri.
*
*
*

———————

Submitted: April 20, 2006
Filed: September 11, 2006

———————

Before ARNOLD and COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

———————

ARNOLD, Circuit Judge.

Darrell Massey pleaded guilty to being an unlawful user of a controlled substance in possession of firearms, *see* 18 U.S.C. § 922(g)(3). At sentencing, the district judge[2] ultimately determined that Mr. Massey possessed the weapons solely for sporting or collection purposes. The judge then sentenced the defendant to three years of probation. The government appealed and we affirm.

———————

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

I.

Missouri Highway Patrol officers visited Mr. Massey's home after they received reports of drug-related activity there. A woman answered the door and gave them permission to enter the house and speak with Mr. Massey; once inside they saw a burning marijuana cigarette. After Mr. Massey consented to a search, the officers discovered marijuana in the house and on Mr. Massey's person. They also found a common cutting agent for methamphetamine, a scale, and more than twenty firearms, including a pistol. The arresting officer testified that he "believe[d]" that the pistol, a Ruger Redhawk .44 magnum revolver, was found in what Mr. Massey referred to as the CB (CB radio) room, where the defendant admittedly cut methamphetamine.

Mr. Massey was indicted for being an unlawful user of a controlled substance in possession of twenty-one firearms, and he pleaded guilty. At the defendant's sentencing hearing, the judge initially decided to sentence him to 30 months' imprisonment. In determining this sentence, the judge first concluded that Mr. Massey possessed the weapons in connection with his drug activity, which resulted in a four-level increase in his offense level under the advisory sentencing guidelines. *See* U.S.S.G. § 2K2.1(b)(5). The court then computed Mr. Massey's guideline sentencing range to be 30 to 37 months. The government argued that Mr. Massey should not be sentenced below that range, in part, because he had obtained additional weapons since his arrest on the federal firearms charge. The court imposed a 30-month sentence.

But just after the district judge imposed the 30-month sentence, he paused to question the government's counsel further about the additional firearms acquired by Mr. Massey. After the government disclosed that law enforcement officers had discovered two rifles but no drugs at Mr. Massey's residence several months after the original search, the district court reconsidered its ruling: The court reasoned that the types of weapons and the absence of drugs found at the residence indicated that the defendant was a gun collector and that he had not, in fact, previously possessed the

twenty-one weapons in connection with his felonious drug activity. As a result, the court retracted the four-level § 2K2.1(b)(5) enhancement and decided on a prison sentence of 18 months.

Defense counsel then argued that Mr. Massey's sentence should be decreased further because the defendant "possessed all ... firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms," U.S.S.G. § 2K2.1(b)(2). After Mr. Massey presented evidence supporting this contention, the court agreed and concluded that the defendant was entitled to a reduced offense level of six. *See id.* After applying this reduction and a separate reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), the district court sentenced Mr. Massey to three years' probation, and the sentencing hearing came to a close. On appeal, the government challenges as clearly erroneous the court's determinations that Mr. Massey did not possess any of the firearms in question in connection with another felony, and that he possessed them all solely for lawful sporting or collection purposes. *Cf. United States v. Lussier*, 423 F.3d 838, 843 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1120 (2006).

II.

Mr. Massey bore the burden of proving that he possessed the firearms in question "solely for lawful sporting purposes or collection," which would decrease his offense level to six. *See* U.S.S.G. § 2K2.1(b)(2); *United States v. Ramirez-Rios*, 270 F.3d 1185, 1187 (8th Cir. 2001). We may reverse the district court's findings as to Mr. Massey's purpose for possessing the firearms only if they are clearly erroneous. *United States v. Kissinger*, 986 F.2d 1244, 1246 (8th Cir. 1993). To determine whether § 2K2.1(b)(2) applies, courts consider relevant surrounding circumstances, which "include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms),

and the extent to which possession was restricted by local law."  U.S.S.G. § 2K2.1, comment. (n.7); *United States v. Ramirez-Rios*, 270 F.3d 1185, 1187 (8th Cir. 2001).

At sentencing, the defendant presented evidence of his actual use of the guns. To demonstrate that he was a sportsman, he showed that he had obtained hunting and fishing licenses and deer tags for each of the previous five years.  He also offered into evidence a letter from a co-worker discussing the hunting trips that the co-worker had gone on with Mr. Massey, and a letter from his cousin noting that Mr. Massey was a gun enthusiast who collected firearms and used them for hunting.

Mr. Massey had never been convicted of a weapons offense and had no criminal history points assessed against him under the sentencing guidelines.  He was charged with being in possession of twenty-one weapons; only one was a pistol, and the remaining firearms were rifles and shotguns.  Two rifles were later found in his home.  In addition to considering Mr. Massey's evidence that he was a sportsman and a gun collector, the court took judicial notice of the fact that the type of pistol found in Mr. Massey's home was sold in hunting stores and could be characterized as a hunting weapon.  The court also found that the arresting officer's testimony was equivocal and failed clearly to establish that the pistol was found in close proximity to drugs or drug paraphernalia.  The court also thought that it was instructive that Mr. Massey continued to obtain rifles after his arrest, when there was no apparent connection to drug activity.  The court then concluded that Mr. Massey had possessed the firearms solely for lawful sporting or collection purposes.

While the firearms for which Mr. Massey was charged were distributed throughout the rooms of his house, not gathered in one central place as a collector perhaps might typically do, the court noted that the dispersal of the guns was not inconsistent with how a gun enthusiast might act.  We conclude that it was not clearly erroneous for the district court to find that Mr. Massey possessed the weapons solely for sporting or collection purposes.

The government, relying on language from *Lussier*, 423 F.3d at 843, argues on appeal that a § 2K2.1(b)(2) reduction should not be given if the firearms in question "could have reasonably been seen as having a purpose other than sporting" or collecting. But in *Lussier*, unlike the present case, we were reviewing for clear error a district court's finding that the defendant did not possess a firearm solely for sporting or collection purposes. In *Lussier*, we reasoned that if the weapon "could have reasonably been seen" as having a purpose other than sport or collection, a finding by the district court that it was possessed, at least in part, for some other purpose was not clear error.

Here, however, the district court found that the weapons were possessed solely for sporting and collecting purposes. To apply the standard proposed by the government to this case would completely alter our standard of review: We would have to reverse if any reasonable view of the evidence could support a finding that Mr. Massey had another purpose for possessing the weapons. But the clear error standard applies, and thus, even if a reasonable person could find to the contrary, we may reverse "only if we have a definite and firm conviction that the District Court was mistaken." *United States v. Bahena*, 223 F.3d 797, 802 (8th Cir.2000), *cert. denied*, 531 U.S. 1181 (2001).

We also note that in *Lussier*, the defendant failed to offer any explanation as to why he reached into the back seat of his car, retrieved a firearm, and placed it on the seat beside him, while he was parked in the driveway of his former girlfriend's house in violation of a protection order. Mr. Massey, however, presented evidence that was consistent with the sentence reduction, and while the district court acknowledged that it was a "close call," it found that the circumstances supported a finding that the firearms were possessed for lawful sporting or collecting purposes. We see no reason to disturb that finding.

-5-

In addition to challenging the district court's finding that Mr. Massey possessed the firearms "solely for lawful sporting purposes or collection," U.S.S.G. § 2K2.1(b)(2), the government contends that the court was required to conclude that the defendant possessed at least one firearm "in connection with another felony offense," § 2K2.1(b)(5).  But these two subsections of § 2K2.1 "are mutually exclusive." *United States v. Quinn*, 358 F.3d 559, 560 (8th Cir. 2004) (per curiam).  Under § 2K2.1(b)(5), a firearm is not possessed "in connection with" another felony unless it has "some purpose or effect with respect to" that felony and facilitates or has the potential to facilitate it.  *United States v. Fredrickson*, 195 F.3d 438, 439 (8th Cir. 1999).  Because we have already upheld the district court's finding that Mr. Massey's sole purpose in possessing all of the firearms was for sport or collecting, we must reject the government's argument that the court was required to find that Mr. Massey possessed at least one of the weapons "in connection with" his possession of drugs. *See id.*

We therefore affirm the judgment of the district court.

_____