# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 09-3566

——————

United States of America,

        Appellee,

v.

David Houdek,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

——————

Submitted: April 13, 2010
Filed: November 22, 2010

——————

Before RILEY, Chief Judge, COLLOTON, and BENTON, Circuit Judges.

——————

PER CURIAM.

David Houdek pleaded guilty to unlawful possession of a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and possession of methamphetamine after having been previously convicted of two or more drug offenses, in violation of 21 U.S.C. §§ 844(a) and 851. At sentencing, the district court[1] calculated Houdek's advisory guideline sentencing

———————————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

range as 30 to 37 months' imprisonment, and sentenced him to 37 months. Houdek appeals his sentence, and we affirm.

On March 27, 2007, law enforcement officers stopped the vehicle that Houdek was driving and took Houdek into custody for failing to appear for a hearing on a theft charge. During a search of Houdek incident to the arrest, officers discovered drug paraphernalia and a baggie containing .31 grams of methamphetamine. Officers stopped Houdek again on April 17, 2007, because of an active warrant for his arrest. Houdek admitted that he had methamphetamine in his possession, and a search incident to arrest uncovered 3.32 grams of methamphetamine.

After the April 17 traffic stop, officers executed a search warrant at Houdek's residence, and discovered drug residue, drug paraphernalia, ammunition, and three long guns. In one downstairs room, officers found a baggie with residue and a long metal spoon on a coffee table. Officers also located one of the guns, a loaded .410 gauge shotgun, on top of a cabinet near the coffee table.

At sentencing, the parties disputed how the guidelines should apply to Houdek's possession of a firearm. Houdek argued the offense level should be decreased to level six, pursuant to USSG § 2K2.1(b)(2), because he possessed the loaded shotgun solely for lawful sporting purposes. Houdek asserted that he possessed the shotgun in the downstairs room so that he could hunt and kill a woodchuck that had been destroying his property. The district court rejected Houdek's explanation as incredible, and imposed a four-level increase pursuant to USSG § 2K2.1(b)(6), because it concluded that he possessed the loaded shotgun in connection with his felony drug possession offense.

Houdek argues that the district court committed procedural error by increasing his offense level pursuant to § 2K2.1(b)(6), and by failing to apply the decrease for lawful sporting purposes under § 2K2.1(b)(2). The two provisions are mutually

exclusive because a firearm cannot be possessed *solely* for lawful sporting purposes if it was also possessed in connection with another felony offense. *See United States v. Quinn*, 358 F.3d 559, 560 (8th Cir. 2004) (per curiam). Therefore, if the district court did not err in applying the specific offense characteristic under § 2K2.1(b)(6), the court properly rejected application of the sporting-purposes provision of § 2K2.1(b)(2).

We review for clear error the district court's finding that Houdek possessed the shotgun in connection with his possession of methamphetamine. *See United States v. Smith*, 535 F.3d 883, 885 (8th Cir. 2008). The specific offense characteristic under § 2K2.1(b)(6) applies where the underlying felony offense is drug trafficking and a firearm is found in close proximity to drugs, "because the presence of the firearm has the potential of facilitating another felony offense." USSG § 2K2.1 cmt. n.14(B). When the underlying offense is simple possession of a user quantity of drugs, however, the district court must "make a specific finding whether the firearm facilitated, or had the potential to facilitate, [the defendant's] drug possession." *United States v. Mansfield*, 560 F.3d 885, 888 (8th Cir. 2009); *see* USSG § 2K2.1 cmt. n.14(A). The requirement that the firearm be possessed "in connection with" the underlying drug offense means "at a minimum, the firearm had a purpose or effect with respect to the other felony offense because its presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence." *Smith*, 535 F.3d at 885 (internal quotation omitted).

The district court made the required factual finding at sentencing. The court concluded that the government met its burden of proving that Houdek possessed the loaded shotgun in connection with his drug possession, because the "[l]ocation of it and the fact that as set forth in the *Mansfield* case, when the Court looks at whether or not the firearm had a purpose or effect with respect to the other felony offense, the Court finds that it did and that the firearm was not there as a result of mere accident or coincidence."

This finding was not clearly erroneous. This case involves more than the mere presence of firearms in a home where drug residue was also found. Here, Houdek's loaded shotgun was located on a cabinet in the room where law enforcement officers found drug paraphernalia and a baggie with residue. Houdek admitted that he kept and used drugs in the room where the loaded firearm was found, and that he used drugs in the house a day before the search. The court permissibly rejected as not credible Houdek's alternative explanation that the gun was kept in the room for hunting a woodchuck. On this record, the district court did not clearly err in concluding that Houdek's possession of a loaded shotgun on a cabinet near where he used and stored drugs facilitated, or had the potential to facilitate, his possession of methamphetamine.

Houdek also challenges the reasonableness of his sentence. We review the district court's imposition of a sentence under a deferential abuse of discretion standard. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We presume that a sentence within the advisory guideline range is reasonable. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Houdek contends that the district court erred in refusing to grant a downward variance based on the factors contained in 18 U.S.C. § 3553(a), including the circumstances of his offense and his own history and characteristics. He asserts that he has a sporadic habit of minor drug use, but that he has stopped using drugs and now maintains constant employment. Houdek characterizes his offense as simply being a "drug-using hunter."

District courts have wide discretion in weighing the factors set forth in § 3553(a). *See Ruelas-Mendez*, 556 F.3d at 657. The district court here considered the § 3553(a) factors, and determined that a sentence of 37 months' imprisonment was sufficient but not greater than necessary. The court expressly noted that it had

considered the circumstances of the offense and Houdek's history and characteristics, including the fact that he went to drug treatment. But the court concluded that other aspects of the case, including Houdek's criminal history and Houdek's untruthfulness about his pretrial use of methamphetamine, counseled against a downward variance. We are satisfied that the district court's choice of a sentence within the advisory guideline range was not an abuse of discretion and was the result of a permissible weighing of the § 3553(a) factors.

The judgment of the district court is affirmed.

_____