# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4229

_____

United States of America

*Plaintiff - Appellee*

v.

Melvano Dwayne Moore

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 6, 2017
Filed: June 23, 2017

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Melvano Moore pled guilty to making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A). At sentencing, Moore argued he was entitled to a sentence reduction under United States Sentencing Guidelines § 2K2.1(b)(2) because he possessed the firearms solely for sporting use. The district

court[1] concluded that Moore was not entitled to a sentence reduction and sentenced Moore to twelve months and one day of imprisonment. The district court also imposed a special condition of release requiring Moore attend a treatment program for anger control/domestic violence based on a ten-year old conviction for terroristic threats. Moore appeals his sentence and the special condition. We affirm.

## I.

On September 22, 2013, Moore executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 to purchase a firearm. On the form, Moore represented that he was not an unlawful user of a controlled substance.

On May 27, 2015, law enforcement officers executed a search warrant at Moore's residence. During the search, officers recovered four handguns, a rifle, and evidence of marijuana use. Moore later admitted that he was a marijuana user both at the time of the search and when he filled out Form 4473.

Moore was charged with making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A), and being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Pursuant to a plea agreement, Moore pled guilty to the false statement charge, and the government agreed to dismiss the unlawful-user count at sentencing.

The presentence investigation report (PSR) calculated Moore's guideline range at 12–18 months' imprisonment, based on an offense level of 13 and a criminal history category of I. Moore objected to the PSR's guideline range, arguing it should

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

be reduced to 0–6 months because he possessed the firearms for sporting purposes, pursuant to U.S.S.G. § 2K2.1(b)(2). Moore also objected to the PSR's recommended special condition of supervised release requiring Moore's participation in a treatment program for anger control/domestic violence. The district court overruled both objections and sentenced Moore to 12 months and one day of imprisonment and 24 months' supervised release, with the recommended special condition.

II.

On appeal, Moore challenges the denial of a sentence reduction pursuant to U.S.S.G. § 2K2.1(b)(2), and the special condition of supervised release.

A.

We review the application of the sentencing guidelines de novo and the underlying factual findings for clear error. United States v. Walker, 688 F.3d 416, 420 (8th Cir. 2012). Under U.S.S.G. § 2K2.1(b)(2), a defendant's base offense level is reduced to level six if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." The burden is on the defendant to prove that he possessed the firearms solely for sporting or collection purposes. United States v. Massey, 462 F.3d 843, 845 (8th Cir. 2006).

To determine whether the sporting-use or collection reduction applies, courts look to the "[r]elevant surrounding circumstances," which "include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1(b)(2) cmt. n.6.

The only evidence at sentencing to arguably support a sporting-use reduction was that Moore enjoys hunting, fishing, and competing in gun competitions. Moore did not present any evidence, however, that the firearms he possessed were actually used for those purposes. See Massey, 462 F.3d at 846 (upholding the sporting-use reduction based on evidence of the "actual use of the guns"). Nor did Moore present a hunting license. See id. (noting the defendant presented hunting and fishing licenses).

Additionally, when Moore objected to the PSR for failing to apply the sporting-use reduction, he stated, "[h]is primary interest in firearms was for protection, collection, and target shooting purposes, as he was studying criminal justice and has an interest in pursuing a law enforcement career." Thus, by Moore's own admissions, he did not possess the firearms *solely* for sporting or collection purposes. And "[a] defendant who possesses a handgun for personal protection is not entitled to a § 2K2.1(b)(2) reduction." United States v. Ramirez-Rios, 270 F.3d 1185, 1187 (8th Cir. 2001). As a result, the district court did not err in denying a sentence reduction under U.S.S.G. § 2K2.1(b)(2).

B.

We review the imposition of special conditions of supervised release for abuse of discretion. United States v. Hart, 829 F.3d 606, 608 (8th Cir. 2016). Pursuant to 18 U.S.C. § 3583(d), "[a] district court has broad discretion to impose special conditions of supervised release." Id. (quoting United States v. Deatherage, 682 F.3d 755, 758 (8th Cir. 2012)). Under § 3583(d), special conditions "must be reasonably related to four factors: the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from future crimes of the defendant, and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." United States v.

Harris, 794 F.3d 885, 888–89 (8th Cir. 2015) (internal quotation marks omitted). "The special condition need not be related to all four factors; instead, the factors are weighed independently." Hart, 829 F.3d at 609. Additionally, a special condition can "involve[ ] no greater deprivation of liberty than is reasonably necessary," and must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(2)–(3).

The special condition to which Moore objects provides: "The defendant shall participate in an approved treatment program for anger control/domestic violence. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment." Moore argues this condition was imposed without evidence of its need and, thus, is not reasonably related to sentencing goals.

The district court imposed the special condition after noting the sufficient basis in the record to support the condition. Specifically, Moore has a prior conviction for terroristic threats based on threats he made to an ex-girlfriend. Based on this conviction, the special condition the district court imposed on Moore is reasonably related to Moore's history. Additionally, the court noted that the treatment program may be a very short program, thus limiting any deprivation of liberty. As a result, the district court did not abuse its discretion in imposing the special condition of supervised release.

III.

For the foregoing reasons, the judgment of the district court is affirmed.

_____

-5-