# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3187
_____

United States of America

*Plaintiff - Appellee*

v.

Derek Hines

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 25, 2018
Filed: December 14, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Derek G. Hines pled guilty to unlawfully possessing a firearm and using meth and marijuana, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). The

district court[1] sentenced him to 63 months' imprisonment and three years' supervised release. He appeals one special condition of release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Hines challenges the special condition of release requiring him to participate in "an evaluation for anger management and/or domestic violence." This court "review[s] special conditions for abuse of discretion." *United States v. Hart*, 829 F.3d 606, 608 (8th Cir. 2016). A district court has "wide discretion in imposing supervised release conditions." *United States v. Durham*, 618 F.3d 921, 933 (8th Cir. 2010). This court will reverse "when the sentencing court fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Walters*, 643 F.3d 1077, 1079 (8th Cir. 2011) (internal quotation marks omitted).

Before imposing mental health treatment, the court "must have reason to believe the defendant needs such treatment." *United States v. Wiedower*, 634 F.3d 490, 494 (8th Cir. 2011). The district court imposed the probation-recommended condition based on Hines's "history of domestic violence," including convictions for criminal mischief and assault in 2002. Relying on *United States v. Kent*, Hines argues the fifteen-year-old convictions do not support requiring treatment. *See Kent*, 209 F.3d 1073, 1076-78 (8th Cir. 2000). In *Kent*, this court invalidated a special condition of release requiring the defendant undergo psychological counseling based on a thirteen-year-old allegation of spousal abuse. *Id.*

*Kent* is distinguishable. There, the defendant had no criminal convictions for abuse, there was no evidence of mental health problems, and his spouse testified he had not been physically abusive for 13 years. *Id.* In fact, the government conceded

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

"that the special condition of mental health treatment is unrelated to the nature of Kent's offenses." *Id.* at 1076. This court found treatment was not "necessary to effectuate the goals of Congress and the Commission." *Id.* at 1078. Here, however, the Presentence Investigation Report documents a history of violent altercations, a conviction for assault, and recent mental health diagnoses and issues, including "mood swings and violent rages." Based on this, the special condition of release was reasonably related to Hines's "history and characteristics" and the need to "protect the public from future crimes." *See* 18 U.S.C. § 3553(a).

Hines also believes the court erred in relying on the government's sentencing exhibit 2 (a document alleging Hines was a *victim* of domestic abuse) to show his history of domestic violence. Imposing the special condition, the court said Hines "definitely has had [a] history of domestic violence as revealed in the presentence investigation report and in Government Exhibits 1 and 2." However, the court later clarified this statement, noting that "the point is, he is involved in domestic situations, both as the aggressor and allegedly as the victim. And I make no findings one way or the other as to who did what to whom, but it's well documented that that is in his history." This clarification shows the court was aware of Hines's history and had fully considered the record.

The district court did not abuse its discretion in imposing the condition. *United States v. Lincoln*, 876 F.3d 1137, 1139-40 (8th Cir. 2017) (upholding a similar condition based on an over twenty-year-old sexual assault conviction, coupled with a continued presence of risk factors and a lack of prior treatment); *United States v. Moore*, 860 F.3d 1076, 1078-79 (8th Cir. 2017) (upholding a similar condition based on a ten-year-old domestic violence conviction).

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____

-3-