# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3138

_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Adam Hurdsman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 17, 2020
Filed: September 11, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Rodney Hurdsman pleaded guilty to one count of aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113. The district court[1] imposed a 71-

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, now retired.

month sentence and a three-year term of supervised release. Hurdsman appeals, alleging the district court erred in imposing a special condition of supervised release that requires him to participate in substance abuse treatment and abstain from drinking alcohol during the course of treatment.

Because Hurdsman did not object to this condition at sentencing, we review for plain error. United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003) (standard of review). We need not analyze all four prongs of plain-error review if "the threshold requirement for relief under the plain-error standard . . . [,] the presence of an error," is missing. United States v. Perrin, 926 F.3d 1044, 1047 (8th Cir. 2019) (cleaned up).

Pursuant to 18 U.S.C. § 3583(d), special conditions of supervised release must be reasonably related to four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from future crimes of the defendant; and (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. United States v. Moore, 860 F.3d 1076, 1078 (8th Cir. 2017). "The special condition need not be related to all four factors," and any such condition also can "involve[] no greater deprivation of liberty than is reasonably necessary." Id.

Hurdsman first argues the special condition is not reasonably related to his offense of conviction or his personal characteristics because he currently does not have a substance abuse problem. But the record shows that Hurdsman has a relatively long history of abusing both drugs and alcohol. Hurdsman started smoking marijuana, using cocaine, and drinking alcohol at age 14. He attended residential substance abuse treatment at age 15 and was referred again for similar treatment two years later, but he left the program early "against medical advice." In 2001, Hurdsman was diagnosed with "bipolar disorder, mixed with psychotic features, and alcohol and cannabis abuse, in remission." The examining psychiatrist noted that

-2-

Hurdsman abused alcohol as a way of self-medicating when suffering from mental health problems and that it was "a reoccurring pattern since [Hurdsman] was age 18." Hurdsman himself has admitted he is an alcoholic.

At sentencing, Hurdsman highlighted his problems with substance abuse as mitigating factors in his argument to the court. Counsel stated that "much of [Hurdsman's] alcohol and drug use has been in response to his troubled state of mind." He also explained that Hurdsman's involvement in the bank robbery was in part "fueled by some alcohol and probably pill abuse that was self-medicating to soothe the troubled bipolar brain." Given the evidence before it, the district court did not plainly err when imposing a condition of supervised release that requires Hurdsman to participate in substance abuse treatment.

Hurdsman also asserts the special condition is a greater deprivation of his liberty than is reasonably necessary because it includes a ban on the use of alcohol during the course of treatment. Again, the record supports a finding that Hurdsman has abused alcohol in the past, even if he has recently been sober. Moreover, the limitation on alcohol use is not a total ban. Rather, it is time-restricted: the condition prohibits Hurdsman from using alcohol only during his time in substance abuse treatment. See United States v. Hataway, 933 F.3d 940, 946 (8th Cir. 2019) (determining the district court did not abuse its discretion in imposing supervised release condition banning alcohol use during substance abuse treatment, even though defendant had no history of alcohol abuse, because the condition was "not a total ban and [was] aimed at curbing addictive behavior during substance abuse treatment"). The district court did not commit plain error when including this limited restriction.

The judgment of the district court is affirmed.

_____